IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Gail Pace, ) | Civil Action No. 6:10-2797-HMH-JDA |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Crossmark and Debbie Ridgeway,[1] ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff filed this action alleging claims pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## BACKGROUND

Plaintiff's Complaint is difficult to understand but appears to allege a discrimination claim under Title VII.[2] Plaintiff alleges that she has been employed by Defendant Crossmark since May 2008.[3] [Doc. 1 at 6.] Plaintiff's Complaint contains a narrative

---

[1]Plaintiff's Complaint lists as defendants "Crossmark," "Debbie Ridgeway," and "Reggie Campbell = witness." [Doc. 1 at 1.] Because Plaintiff appears to list Reggie Campbell only to inform the Court that he is a witness, the Court construes the Complaint as asserting claims against Defendant Crossmark and Defendant Ridgeway.

[2]As discussed in more detail below, the Court is required to liberally construe Plaintiff's pleadings because Plaintiff brought this action pro se. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Liberally construed, Plaintiff appears to state a claim of discrimination against Defendants Crossmark and Ridgeway under Title VII. [*See* Doc. 1 at 6 ("I am filing discrimination charge to gain back pay for lost work and pain and suffering"); Doc. 1 at 8 ("I would like back pay for lost wages and for pain and suffering, I was . . . discriminated against by The Company").]

[3]It is unclear from Plaintiff's Complaint whether Plaintiff remained employed by Crossmark at the time she filed her Complaint; however, Defendants assert Plaintiff remained an employee of Crossmark at least until January 18, 2011, when Defendants filed

describing events that took place during Plaintiff's employment from 2008 through 2010. [Doc. 1 at 3–7.] Plaintiff appears to allege she was removed from work multiple times; Defendant Ridgeway, Plaintiff's supervisor, failed to meet with Plaintiff or respond to Plaintiff's electronic mail messages; and Defendant Crossmark failed to provide training. [*Id.*] Plaintiff also alleges Defendant Ridgeway recorded a call between Plaintiff and Defendant Ridgeway. [*Id.* at 4–5.] Plaintiff seeks back pay and damages for pain and suffering. [*Id.* at 8.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this action pro se, which requires the Court to liberally construe her pleadings. *Estelle*, 429 U.S. at 106; *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the complainant's legal arguments for her. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standards**

*Rule 12(b)(1)*

---

their motion for summary judgment. [Doc. 22-2 at 1.]

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

### Rule 12(b)(6)

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and would entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

With respect to well-pleaded allegations, the Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation

3

> to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

550 U.S. 544, 1964–65 (2007) (internal citations omitted); see also 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action."); *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000) (noting that court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments").

On a motion pursuant to Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

**Subject Matter Jurisdiction**

Defendants allege that Plaintiff's Complaint should be dismissed for lack of federal subject matter jurisdiction because Plaintiff has not complied with the administrative prerequisites to filing a Title VII action. [Doc. 22-2 at 1.] Specifically, Defendants contend Plaintiff did not file a charge with the South Carolina Human Affairs Commission ("SCHAC") or the Equal Employment Opportunity Commission ("EEOC") with respect to any events complained of in Plaintiff's Complaint. [*Id.*]

A Title VII claimant must first exhaust administrative remedies before filing a claim in federal court. *Sloop v. Mem'l Mission Hosp., Inc.*, 198 F.3d 147, 148 (4th Cir. 1999). The administrative procedures require that the EEOC (1) "conduct[] an investigation and determine[] the validity of the claim"; and (2) "decide whether the agency will bring the claim in federal court or whether the complainant will be issued a right-to-sue letter, which letter is essential to initiation of a private Title VII suit in federal court." *Davis v. N.C. Dep't of Corr.*, 48 F.3d 134, 138 (4th Cir. 1995). Additionally, where a state remedial scheme exists, "commencement of proceedings under state law is a prerequisite to EEOC action." *Id.* The claimant's EEOC charge "defines the scope of her subsequent right to institute a civil suit." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000) (citing *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962–63 (4th Cir. 1996)). Only claims "reasonably related" to those in the EEOC charge may be advanced in a subsequent civil suit. *See id.* (citing *Chisolm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)).

Here, Plaintiff's Complaint fails to allege that she filed a claim with SCHAC, as required under South Carolina's remedial scheme, or with the EEOC. Further, Plaintiff's Complaint fails to allege that she received an EEOC right-to-sue letter. However, in response to the Court's special interrogatories, Plaintiff indicates that she filed an administrative complaint with the EEOC or SCHAC. [Doc. 12 at 1.] Although Plaintiff failed to attach her EEOC charge to her response to the Court's special interrogatories, she

attached a letter indicating that she filed her EEOC charge in 2009 [Doc. 12-1 at 1] and a dismissal and notice of rights form from the EEOC [Doc. 12-2]. Thus, Plaintiff has established that she filed a charge of discrimination with the EEOC, the EEOC conducted an investigation, and the EEOC issued a right-to-sue notice. However, because Plaintiff failed to attach the EEOC charge, the Court cannot discern what claims may be advanced in this lawsuit. See *Smith*, 202 F.3d at 247. It appears to the Court, though, that at least some of the claims alleged in Plaintiff's Complaint would have been covered in her 2009 EEOC charge.[4] Accordingly, the Court recommends that Defendants' motion to dismiss pursuant to Rule 12(b)(1) be denied.

**Failure to State a Claim**

In *Swierkiewicz v. Sorema N.A.*, the Supreme Court held that a plaintiff pursuing a Title VII claim can survive a 12(b)(6) motion to dismiss if the complaint satisfies the requirements of Rule 8(a), giving the defendant fair notice of the basis for the plaintiff's claims. 534 U.S. 506, 508 (2002) (holding that an employment discrimination complaint need not contain specific facts establishing a prima facie case of discrimination under the framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), but instead must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief"). However, "the Fourth Circuit has interpreted *Swierkiewicz* to limit its sweep. Essentially, the Fourth Circuit has not interpreted *Swierkiewicz* as removing the burden of a plaintiff to allege facts sufficient to state a cognizable claim against the defendant." *Signal*

---

[4]Although Plaintiff states in her Complaint that she is not filing this action based on a write up in March 2009 [Doc. 1 at 3 ("Since the last meeting in March of 2009 where I met with Reggie Campbell, Debbie Ridgeway for my first write up which is not why I am filing this claim . . . ."), 6 ("I am not filing this lawsuit on my write in March of 2009[.]")], the Complaint describes events that took place in 2008, 2009, and 2010. The Court cannot determine which, if any, of the allegations asserted in the Complaint were also asserted in Plaintiff's EEOC charge or whether the claims asserted in the Complaint are "reasonably related" to the claims asserted in the EEOC charge. For purposes of determining subject matter jurisdiction, however, and in an abundance of caution given Plaintiff's pro se status, the Court assumes at least some of the allegations asserted in the Complaint were also asserted in the EEOC charge or are reasonably related to those claims.

*v. Gonzales*, 430 F. Supp. 2d 528, 538 (D.S.C. 2006) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002)).

Construed liberally, Plaintiff's Complaint alleges that she was discriminated[5] against because of her race[6] when she was removed from work multiple times; when Defendant Ridgeway failed to meet with Plaintiff or respond to Plaintiff's electronic mail messages; and when Defendant Crossmark failed to provide training. [Doc. 1 at 3–7.] A prima facie disparate treatment case "may be established by direct evidence of discrimination or by indirect evidence whose cumulative probative force, apart from the presumption's operation, would suffice under the controlling standard to support as a reasonable probability the inference that but for the plaintiff's [protected characteristic]" she would not have been subjected to an adverse employment action. *Holmes v. Bevilacqua*, 794 F.2d 142, 146 (4th Cir. 1986) (citing *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 242 (4th Cir. 1982)). Without such evidence, the plaintiff must use the burden-shifting analysis articulated in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *Id.*

Plaintiff's Complaint fails, however, to set forth a single allegation of conduct by either Defendant Crossmark or Defendant Ridgeway that could be characterized as discriminatory under Title VII. Plaintiff here, similarly to the plaintiff in *Smith v. Greenville Cnty. Sch. Dist.*, No. 6:10-2211, 2010 WL 3852330 (D.S.C. Aug. 31, 2010), *adopted by*, 2010 WL 3834425 (D.S.C. Sept. 27, 2010), fails to allege whether she is a member of a protected class or what action, or inference thereof, by Defendants was discriminatory. While Plaintiff is not required to plead facts sufficient to prove her case in the Complaint,

---

[5]The Court construes this as a disparate treatment case based on Plaintiff's statement, "I would like to see where another employee has been asked to e-mail only and has been recorded by man[a]gement without their knowledge or where refused to [be] told who their man[a]ger's boss which is what I asked Debbie Ridgeway for but I was un[a]ware that it was not Reggie Campbell at the time of the meeting. . . ." [Doc. 1 at 5.]

[6]Plaintiff fails to allege in her Complaint on what basis she brings this Title VII action; however, in her response to the Court's special interrogatories, Plaintiff attached a letter indicating that her EEOC charge alleged race discrimination. [*See* Doc. 12-1 at 1.]

8

she must at least allege facts that support a claim for relief. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). Accordingly, the Court recommends that Plaintiff's Complaint be dismissed for failure to state a claim on which relief may be granted.

**Individual Defendant**

In the alternative, should the Complaint not be dismissed for failure to state a claim on which relief may be granted, the Court recommends that Defendant Ridgeway[7] be dismissed. Plaintiff's claims against Defendant Ridgeway fail as a matter of law. A Title VII claim may be asserted only against an employer and cannot be asserted against individual supervisors. *See Lissau v. S. Food Servs., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998). In *Lissau*, the Fourth Circuit Court of Appeals explained that individuals cannot be held liable in civil suits under Title VII because the language in Title VII's definition of "employer"[8] was intended to establish a limit on an employer's liability for it's employees' actions, rather than to extend individual liability to those employees. *Id.* at 180. Accordingly, Plaintiff's claim against Defendant Ridgeway in her individual capacity should be dismissed.

<u>**CONCLUSION AND RECOMMENDATION**</u>

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion to dismiss be GRANTED for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) and the Complaint be DISMISSED.

---

[7] Although the Court has construed Plaintiff's Complaint as naming Defendant Ridgeway as the only individual defendant, to the extent Plaintiff intended to name Reggie Campbell as an individual defendant, Reggie Campbell should be dismissed for the same reasons, discussed herein, that Defendant Ridgeway should be dismissed.

[8] Title VII defines "employer" to include certain persons who employ 15 or more workers and "any agent of such a person." 42 U.S.C. § 2000e(b).

In the alternative, should the District Court decline to dismiss the Complaint in its entirety, the Court recommends that Defendants' motion to dismiss be GRANTED as to Defendant Ridgeway.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

April 29, 2011
Greenville, South Carolina